PearsoN, J.
 

 This was an action of ejectment.
 

 The declaration has but one count, which alleges that a
 
 joint and several
 
 demise was made on the 11th April 1845, by John Banner, Nathaniel Moody, John Martin and Fleming Priddy, to the plaintiff, for the term of ten years from them next ensuing, &c. Upon the trial, it appeared, that one of the lessors had no title. Whereupon his Honor intimated the opinion, that the plaintiff could not recover, and a non-suit was submitted to.
 

 Hoyle et al
 
 v.
 
 Stowe, 2
 
 Dev. 318, which is cited and approved in
 
 Bronson
 
 v.
 
 Paynter,
 
 4 Dev. and Bat. 393, is in point and fully sustains the opinion of his Honor. It is there held, if one of the lessors in a joint demise has no title, the plaintiff cannot recover, “for there is neither a joint right to convey the land, nor a joint right to possess it, or to let the possession,”
 

 
 *46
 
 The plaintiff alleges a joint title in his lessors. The jury cannot separate the title and find for the plaintiff a* gainst his own allegation. So one, who has no title, would be let into possession with the other lessors.
 

 The allegation, that the demise was made by the four lessors severally as well as jointly, does not obviate this objection, and makes the matter worse, for the pleading is faulty, for uncertainty, which is ground for demurrer. A party must always set out his title, and when he claims a particular estate (one less than a fee simple,) he must show when it began, how it is derived, 'and its limit or quantity of interest. As it is expressed in the books of pleading, “the
 
 commencement
 
 of every particular estate must be set out.” Stephen’s pleading 306: Coke on Littleton, ch. 3. 3 b.
 

 This plaintiff derives his title under a lease from four lessors. It is left uncertain, whether the lease was made by them jointly or severally. The inference is that it was made jointly, and, at the same lime, severally. This, it seems to us, involves an absurdity. At all events it is too uncertain to be allowed in good pleading.
 

 It is said, that the action of ejectment is a creature of the Courts, contrived to effect the ends of justice. That is true, but it docs not furnish a reason for allowing “this creature” to do violence to the rules of pleading.
 

 Per Curiam. Judgment affirmed.